ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ORIENTAL BANK,<br><br>Apelada,<br><br>v.<br><br>ANTONIO A. REYES RODRÍGUEZ, VIRGINIA DE LOURDES VIZCARRONDO LORENZO, y la sociedad legal de bienes gananciales compuesta por ambos,<br><br>Apelante. | KLAN202301105 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de San Juan.<br><br>Civil núm.:<br>K DP2014-1917.<br><br>Sobre:<br>cobro de dinero y ejecución de hipoteca. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 14 de marzo de 2024.

Comparece la parte apelante, el señor Antonio A. Reyes Rodríguez, la señora Virginia de Lourdes Vizcarrondo y la sociedad legal de bienes gananciales compuesta por ambos. Nos solicita que revisemos y revoquemos la *Sentencia* emitida el 29 septiembre de 2023, notificada el 13 de octubre del mismo año. Mediante el referido dictamen, el foro primario declaró sin lugar la demanda contra tercero instada por la parte apelante contra Tri-Stella Development Group, Inc., y desestimó la causa de acción.

Por los fundamentos que expondremos a continuación **confirmamos** la sentencia apelada.

I

La controversia de autos surge luego de que el 25 de agosto de 2014, Scotiabank instara una demanda contra la parte apelante por cobro de dinero y ejecución de hipoteca por la vía ordinaria[1].

_____

[1] *Véase*, apéndice del recurso, a las págs. 208-211.

El 18 de noviembre de 2014, la parte apelante incoó una demanda contra tercero contra Tri-Stella Development Group, Inc., desarrolladora del proyecto de vivienda Caminos Verdes II[2]. La parte apelante alegó que Tri-Stella había actuado de mala fe y había incurrido en actos dolosos al crearle falsas expectativas e incumplir con los acuerdos contractuales pactados. Ello, al no culminar el proyecto de vivienda, según las representaciones hechas. En particular, por no completar el proyecto de Caminos Verdes II, según le había sido promocionado al momento de adquirir la propiedad.

Tras varias incidencias procesales, entre ellas, la anotación de la rebeldía a Tri-Stella y la celebración del juicio en su fondo el 22 de septiembre de 2023, el Tribunal de Primera instancia emitió su *Sentencia*[3] el 29 de septiembre de 2023. En ella, el tribunal concluyó que la parte apelante, tercera demandante, no había desfilado prueba alguna con relación a que Tri-Stella se hubiera comprometido a culminar el proyecto según fuera promocionado; particularmente, luego de la adquisición involuntaria de RG Premier Bank[4] por el *Federal Deposit Insurance Company* (FDIC). Por tanto, declaró sin lugar la demanda contra tercero instada por la parte apelante.

Inconforme con la referida determinación, el 30 de octubre de 2023, la parte apelante presentó una moción de reconsideración. En síntesis, arguyó que sí había quedado probado mediante la evidencia presentada que la desarrolladora había engañado a la parte apelante. Destacó que Tri-Stella conocía que tenía problemas financieros al momento de vender su proyecto a la parte apelante. Además, expreso que la desarrolladora debía responder por alterar los planos del proyecto y continuar la construcción de

---

[2] *Véase*, apéndice del recurso, a las págs. 221-228.

[3] *Íd.*, a las págs. 1-8. Cabe señalar que, el 16 de marzo de 2022, se le anotó la rebeldía a Tri-Stella. *Íd.*, a la pág. 2.

[4] RG Bank era la entidad bancaria que financiaba la construcción del proyecto residencial. *Véase*, transcripción de la prueba oral (TPO), a la pág. 28.

este. Ello, a pesar de que los referidos cambios no resultaban congruentes con lo que se ofertaba en la oficina de ventas del proyecto[5].

Así las cosas, el 9 de noviembre de 2023, el foro primario declaró sin lugar la referida moción de reconsideración[6].

Aún inconforme, el 8 de diciembre de 2023, la parte apelante compareció ante nos y formuló el siguiente señalamiento:

> Erró el Tribunal de Primera Instancia, Sala de San Juan, al determinar que los Reyes-Vizcarrondo tienen que cumplir con el pago del valor de una unidad basada en un proyecto (como "proyectado"), pero, no impone responsabilidad por los actos y omisiones dañinos de la tercera demandada en rebeldía, al no cumplir con culminar el proyecto ofrecido.

El 25 de enero de 2024, emitimos una *Resolución* mediante la cual otorgamos a la parte apelada un término, vencedero al 23 de febrero de 2024, para presentar su oposición al recurso. Le apercibimos de que, trascurrido este, el recurso quedaría perfeccionado. Vencida la fecha establecida, la parte apelada no compareció, por lo que resolvemos sin el beneficio de su comparecencia.

II

El Art. 1213 del derogado Código Civil de Puerto Rico de 1930 aplicable a los hechos de este caso, disponía que uno de los elementos esenciales que debían concurrir para la existencia de todo contrato es el consentimiento de las partes. 31 LPRA sec. 3391. A su vez, establecía que, de acuerdo con el Art. 1217, dicho consentimiento sería nulo cuando este fuere prestado por error, violencia, intimidación o **dolo**. 31 LPRA sec. 3404. De igual forma exponía en su Art. 1221 que el dolo existiría cuando con palabras o maquinaciones insidiosas de parte de uno de los contratantes inducía al otro a celebrar un contrato que, sin ellas, no hubiera hecho. 31 LPRA sec. 3408.

El Tribunal Supremo de Puerto Rico ha expresado que el dolo debe entenderse como:

---

[5] *Véase*, apéndice del recurso, a las págs. 11-207.

[6] *Íd.*, a la pág. 10.

todo un complejo de malas artes, contrario a la honestidad e idóneo para sorprender la buena fe ajena, generalmente para beneficio propio, en que viene a resumirse el estado de ánimo de aquel que no sólo ha querido el acto, sino que, además, ha previsto y querido las consecuencias antijurídicas provenientes de él.

*Colón v. Promo Motor Imports, Inc.,* 144 DPR 659, 666 (1997), citando a *Sánchez Rodríguez v. López Jiménez*, 118 DPR 701, 708 (1987). Citando, además a *Rivera Vda. de Hernández v. Hernández*, 44 D.P.R. 356, 357-358 (1933); J. Puig Brutau, *Fundamentos de Derecho Civil*, 2da ed. rev., Barcelona, Ed. Bosch, 1985, T. I, Vol. 2, pág. 504.

A su vez, el Tribunal Supremo aclaró que, contrario a lo expuesto en el texto del referido Art. 1217, no todo tipo de dolo produce la nulidad del contrato. Es decir, conforme al Art. 1222 del derogado Código Civil de 1930, para que el dolo produjera la nulidad de los contratos, debía ser **grave** y no haber sido empleado por las partes contratantes. 31 LPRA sec. 3409.

Por otro lado, existe otra especie de dolo, denominado por el Art. 1222 del derogado Código Civil como **dolo incidental**, cuya existencia no produce la nulidad del contrato. 31 LPRA sec. 3409. Este tipo de dolo no tiene una influencia decisiva en la esencia de la obligación, sino que facilita la celebración del contrato. *García Reyes v. Cruz Auto Corp.,* 173 DPR 870, 887 (2008). En el dolo incidental, contrario al dolo grave o causante, existe la voluntad de contratar de la parte perjudicada, pero hay engaño en el modo como se celebra el contrato. En estos casos, el contrato de todas formas se hubiera celebrado, pero no según las mismas condiciones. Por tanto, cualquier engaño con respecto a esas condiciones no erradica por sí solo el consentimiento en la totalidad de la obligación, sino en algún extremo o particularidad de ella. *Íd*. El dolo incidental solo obliga a indemnizar en daños y perjuicios al que lo empleó. 31 LPRA sec. 3409.

Ahora bien, en nuestro ordenamiento jurídico el dolo no se presume, pero ello no significa necesariamente que tenga que probarse directamente. Puede establecerse mediante inferencia o por evidencia circunstancial. *Colón v. Promo Motors Imports*, 144 DPR, a las págs. 668-669. En lo pertinente al caso de autos, debemos recalcar que, cuando el dolo en la formación del contrato sea causante o incidental, **corresponde a quien reclama dicha conducta dolosa la**

**responsabilidad de así probarlo**. *Colón v. Promo Motors Imports*, 144 DPR, a la pág. 669.

Finalmente, el Tribunal Supremo de Puerto Rico ha expresado que en la determinación de si existe dolo que anule el consentimiento se debe considerar una gama de circunstancias, entre otras ellas, la preparación académica de la parte perjudicada, así como su condición social y económica, y las relaciones y el tipo de negocios en que se ocupa. *García Reyes v. Cruz Auto Corp*, 173 DPR, a la pág. 887. Además, ha expresado que puede ser que, en un caso particular, el dolo no surja de un simple hecho, sino del conjunto y la evolución de las circunstancias y los manejos engañosos. *Íd.*

### III

El reclamo de la parte apelante se reduce a plantear que el Tribunal de Primera Instancia erró al no imponerle responsabilidad a la tercera demandada y desarrolladora del proyecto, Tri-Stella Development Group, Inc. Aduce que, mediante el testimonio vertido en el juicio y la prueba documental admitida en evidencia, logró demostrar que esta última hizo representaciones falsas, al amparo de las cuales la parte apelante firmó un contrato de compraventa. Propuso que, de no haber mediado tales representaciones, no hubiese suscrito el contrato.

En particular, alegó que quedó probado que la desarrolladora actuó de mala fe y engañó a la parte apelante al no revelar que tenía problemas con el financiamiento necesario para terminar de construir las unidades **faltantes** al momento de la compraventa. Arguyó que en el juicio se probó que el contrato de compraventa fue firmado el 12 de abril de 2010, y que el cierre de la institución bancaria por el *Federal Deposit Insurance Corporation* (FDIC) fue el 30 de abril de 2010, tan solo dos semanas después. En atención a ello, concluyó que no cabía duda de que al momento en que suscribió el contrato de compraventa, la desarrolladora tenía conocimiento de que no contaba con los fondos para terminar el proyecto de vivienda tal cual había sido promocionado. Sobre esto último,

recalcó que el préstamo hipotecario suscrito se hizo sobre la valoración de una colateral de un proyecto completado y la desarrolladora devaluó la misma mediante su incumplimiento.

Ahora bien, la evaluación del expediente nos lleva a concluir que la *Sentencia* emitida por el Tribunal de Primera Instancia es conforme al derecho pertinente y la prueba admitida en el juicio. Veamos.

No surge del testimonio prestado en sala por el señor Reyes Rodríguez[7], ni de los documentos admitidos, ninguna prueba que permitiera inferir que la desarrolladora conocía la situación financiera de la institución bancaria que financiaba el proyecto de Caminos Verdes II; a saber, RG Premier Bank. De igual forma, no encontramos en el expediente evidencia de que a la fecha de la compraventa Tri-Stella hubiere incumplido con el préstamo suscrito con la referida institución.

Tal cual discutimos, en nuestro ordenamiento, el dolo, en cualquiera de sus vertientes, **no** se presume, y si bien puede establecerse mediante inferencia o por evidencia circunstancial, **corresponde a quien reclama dicha conducta dolosa la responsabilidad de la prueba**. Aún más, surge del propio testimonio del apelante que la causa para que el proyecto de Caminos Verdes II no se completara ocurrió con posterioridad al otorgamiento de la escritura de compraventa. Según su testimonio, él era plenamente consciente de la adquisición involuntaria de los activos y pasivos de RG Premier Bank por el FDIC y de que ello conllevaría graves problemas para la desarrolladora[8]. De igual modo, surge de su testimonio que fue la determinación de la nueva institución financiera, Scotiabank, no

---

[7] Según surge de la TPO sometida por la parte apelante, el señor Reyes Rodríguez contaba con amplia experiencia y conocimiento de la banca comercial, pues a ello se dedicó toda su vida profesional. *Véase*, TPO, a las págs. 8-10. Adicionalmente, llama la atención el hecho de que el señor Reyes Rodríguez estuvo al tanto de todas las incidencias acaecidas con RG Premier Bank, la intervención del FDIC en abril de 2010, los problemas que ello causó a la desarrolladora Tri-Stella y a la continuación del proyecto. *Íd.*, a las págs. 50-59. A pesar de todo ello, el señor Reyes Rodríguez continuó realizando mejoras al apartamento adquirido y se mudó a él, con su esposa, en julio de 2010. *Íd.*, a las págs. 31-33.

[8] *Íd.*, a las págs. 52-57. Esos problemas incluyeron la reducción en el precio de venta de los apartamentos ya construidos. *Íd.,* a las págs. 60-61.

continuar con la construcción de la totalidad de las unidades promocionadas[9].

De hecho, el apelante hizo varios señalamientos sobre asuntos que, en su opinión, el Tribunal de Primera Instancia no consideró, tales como: (1) que el contrato de compra se perfeccionó el 12 de abril de 2010, y que el cierre de la institución financiera fue el 30 de abril de 2010; (2); que en el 2015, la tercera demandada acordó con la nueva institución financiera que completaría el proyecto y dicha información surgía del caso civil KCD2015-0426; (3) que si bien el foro primario incluyó entre sus determinaciones de hecho que la escritura de compraventa nada mencionaba sobre cuántas unidades o instalaciones tendría el proyecto, nada incluyó en sus determinaciones sobre cómo los documentos de oferta, mercadeo y venta admitidos en evidencia sí hacían alusión a que se construirían setenta (70) unidades.

Sin embargo, del detenido análisis de las determinaciones de hechos realizadas por el foro primario surge que el tribunal sí consideró tales señalamientos, no obstante, los mismos nada aportaron a la controversia última a dilucidar; es decir, el dolo en el que supuestamente había incurrido Tri-Stella[10].

Ante ello, nos vemos en la obligación de concluir que la parte apelante nada sometió ante nuestra consideración que induzca a este Tribunal a concluir que hubiera mediado engaño o maquinaciones insidiosas en el modo en que se otorgó el contrato de compraventa suscrito entre ella y Tri-Stella Development Group, Inc. Así pues, determinamos que el foro primario no incurrió en error alguno, que justifique la revocación de su sentencia.

---

[9] *Véase*, TPO, a las págs. 64-66.

[10] *Véase*, determinaciones de hechos 5, 14 y 17; apéndice del recurso, a las págs. 2-3.

IV

Por los fundamentos que anteceden **confirmamos** la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 29 de septiembre de 2023, notificada el 13 de octubre de 2023.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones